Gunby *et al.*, *vs.* Bell.

R. M. GUNBY *et al.*, plaintiffs in error, *vs.* M. BELL, Comptroller General, defendant in error.

When a bill was presented to the Judge of the Superior Court, praying for an injunction to restrain the collection of an execution issued by the Comptroller General, against a defaulting tax collector, and his securities; and after hearing the argument of counsel, on a rule to show cause, the injunction was refused: *Held,* that if the complainants were entitled to have any judicial interference, in regard to the several matters of which they complain, they had as ample and complete remedy in the Common Law Court as in a Court of Equity.

Injunction.    Tax Collectors.    Before Judge JOHNSON. Chambers. Muscogee County.    July, 1869.

Gunby *et. al.*, averred as follows: On the 25th of September, 1867, they with one Brooks, executed a writing, exhibited. (It is a bond, given on said day, by Brooks, as tax collector of said county, with complainants as his securities, to Jenkins, Governor, etc. It recited that Brooks was on the 3rd of January, 1865, elected to said office, for the year 1867. It bound the parties for his faithful execution of the duties of said office, "during the time he continues therein, or discharges any of the duties thereof.") Bell, the Comptroller General of the State, issued a *fi. fa.*, upon said pretended bond, against Brooks, and said securities, for $5,700 00, and instructed the sheriff to levy it upon the property of said securities. They say this *fi. fa.* is void, because there was no legal government in Georgia, in September, 1867; because Brooks was not elected to said office on the 1st Monday in January, 1865, there was no law for holding such election, and, if it was held, it is void; that if he was elected in 1865, he was not elected for 1867, and that said pretended bond is not such a statutory bond as would authorize the Comptroller General to issue a *fi. fa.* against the obligors. They prayed that the *fi. fa.* be enjoined.

A rule was granted, calling on the Comptroller General to show cause why the injunction should not issue. They amended their bill by averring that said *fi. fa.* was issued upon the tax assessed by the Convention of Georgia, sitting

under the Reconstruction Acts of Congress, and ordered to be collected in 1868; that when they stood Brooks' security, the law required all taxes to be assessed by the General Assembly, and they did not undertake to secure the State for taxes collected by him, not assessed by the General Assembly, and that long before said Convention tax was levied and directed to be collected, Brooks had ceased to exercise the functions of said office, said office was ended, and Brooks was no longer tax collector of said county, and his collection of the convention tax was simply an usurpation, and not done by him as tax collector.

After argument upon the bill and amendment, the Court refused to grant the injunction. Upon what ground he put his judgment, does not appear. His refusal is assigned as error.

M. H. BLANFORD, WILLIAMS & THORNTON, RAMSEY & RAMSEY, for plaintiffs in error.

CARY J. THORNTON, for defendant, said equity would correct the mistake in the bond; 10th S. & R., 249; 1st Story's Eq., sec. 141; Irwin's Code, section 156; the *fi. fa.* issued under secs. 911, 914, 149, Irwin's Code; the Convention of 1868 could levy a tax.

WARNER, J.

This was an application for an injunction to restrain the collection of a tax *fi. fa.*, issued by the Comptroller General of the State, against a defaulting tax collector and his securities. The injunction was refused by the Judge to whom it was presented, and such refusal is assigned for error here. In our judgment, if the complainants were entitled to have any judicial interference, in regard to the several matters of which they complain, they had as ample and complete remedy in a Common Law Court, as they would have in a Court of Equity. In view of the facts alleged in their bill, the application for an injunction was properly refused.

Let the judgment of the Court below be affirmed.